IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HEIDI SPAHN,

    Plaintiff,

v.                                                  C.A. No.: 1:19-cv-426

P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER,
PAUL E. SWOPE, NORLYN ENTERPRISES, INC,
d/b/a DILIGENT DELIVERY SERVICE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HEIDI SPAHN (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, PAUL E. SWOPE, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seek damages for lost and unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, P,E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, maintains business offices in Austin, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Hays County, Texas.

5. Defendant, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, maintains business offices in Austin, Texas.

6. Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE, maintains business offices in Houston, Texas.

7. Plaintiff, HEIDI SPAHN, was employed by Defendant, P,E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, PAUL E. SWOPE, from June 19, 2017, until December 31, 2018 at which time Defendant NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE took over control of P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER. Plaintiff then worked for NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY

SERVICE from January 1, 2019, until Janary 23, 2019, as an inventory specialist and customer service representative at the rate of $60,000.00 year. Plaintiff's regular and recurring primary duties included: phone calls, order entry, use of inventory management platform, and customer service.

8. Plaintiff's work hours varied, but the Plaintiff estimates in good faith that she worked an average of 45-50 hours per workweek in each week of her employment.

9. At all times material hereto, Defendant, PAUL E. SWOPE, owned and operated a business named P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER in Austin, Texas.

10. Defendant, PAUL E. SWOPE, hired and fired the Plaintiff; supervised and controlled Plaintiff's work schedule; controlled the conditions of employment of the Plaintiff; and, determined the rate and method of payment for Plaintiff.

11. At all times material hereto, Defendant, PAUL E. SWOPE, was an employer of the Plaintiff as defined by the Fair Labor Standards Act.

12. Defendant has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

13. At all times material to this complaint, Defendant, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, employed two or more employees and had an annual dollar volume of sales or business done of at least

$500,000.00.

14.     At all times material to this complaint, Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15.     At all times material to this complaint, Defendant, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).   At all times material to this complaint, Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

16.     Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendant's business activities. Specifically, Plaintiff made and received interstate telephone calls, sent and received interstate facsimiles, used the Internet to communicate locations outside the state of Texas.

17. At all times during her employment with Defendants, Plaintiff was subject to a policy and practice of deducting money from her salary for partial day absence, thus effectively making her an employee paid by the hour.

## COUNT I UNPAID OVERTIME

18. Plaintiff re-alleges paragraphs 1-17, *supra*, and incorporate them herein.

19. Throughout their respective employment of the Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

20. Plaintiff worked numerous weeks in excess of forty hours per workweek, and was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

21. Throughout her employment with Defendants, Defendants treated and classified Plaintiff as an exempt employee; however, Defendants made improper and unlawful deductions to Plaintiff's salary for partial day absences.

22. Defendants had an actual practice of reducing Plaintiff's salary by making deductions for partial day absences in violation of the FLSA.

23. Defendants either knew about or showed reckless disregard for the

matter of whether her conduct was prohibited by the FLSA and failed to act diligently with regard to her obligations as an employer under the FLSA.

24. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

25. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

26. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendants for the following:

a. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

    c.    Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

    d.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II RETALIATION

28.    Plaintiff re-alleges paragraphs 1-17, *supra*, and incorporate them herein.

29.    On or about August 29, 2018, Plaintiff filed a formal complaint with the United States Department of Labor, Wage and Hour Division (hereinafter referred to as "DOL"), regarding Defendant, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER's unlawful policy of impermisible deductions from her salary for partial day absences.

30.    On or about January 1, 2019, Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE, took over the operation and control of Defendant, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER's business operations.

31.    On or about January 4, 2019, Plaintiff met with Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE for an "intake interview," which consisted of the completion of employment paperwork and a brief interview with Defendant's Human Resources employee, Brenda Soto.   During this

intake interview, Brenda Soto informed the Plaintiff that Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE, would be following the identical employment and payroll policies and practices that were in place when Defendant, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, operated the business, including docking her salary for partial day absences and classifying her as a salaried employee exempt from overtime.

32. Plaintiff told Brenda Soto that she was aware that Defendant, P.E.S. ENTERPRISES, INC., d/b/a CAPITOL COURIER, had an unlawful policy of unlawful deductions from her overtime for partial day absences and discussed the matter.

33. Approximately a week later, Alicia Postigo, Wage and Hour Investigator for the DOL, contacted Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE, and informed it of the investigation opened due to Plaintiff's complaint and made a request for records.

34. Thereafter, without warning or cause, Defendant terminated Plaintiff's employment and informed her that her position was "being eliminated."

35. Defendant's reason for terminating the Plaintiff was a pretext for terminating her in retaliation for filing a complaint with the DOL and for complaining about the Defendants' practice of salary deductions for partial day absences.

36. A causal connection exists between the termination of the Plaintiff's employment and her complaint about not receiving overtime or minimum wages.

37. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits retaliation. *See* 29 U.S.C. § 215. As a result of Defendant's unlawful actions alleged herein, Plaintiff has been damaged.

38. Defendant's actions as alleged herein were willful and the Defendant failed to act reasonably to comply with the FLSA.

39. As a result of Defendant's unlawful conduct, Plaintiff is entitled to, without limitation, employment, reinstatement, promotion, and the payment of wages lost and an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

40. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, NORLYN ENTERPRISES, INC, d/b/a DILIGENT DELIVERY SERVICE, for the following:

e. Awarding Plaintiff her lost wages, an award of liquidated damages service awards, and attorneys' fees and litigation expenses as provided by law;

f. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

g.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

h.  Ordering Plaintiff be reinstated in her previous position at the same pay rate and benefits he had at the time of her termination.

**JURY TRIAL DEMAND**

Plaintiff hereby makes demand a jury trial on all issues so triable.

Respectfully submitted this April 17, 2019.

**ROSS * SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**